IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AIMEE E. STANLEY,

       Plaintiff,

                             3:13-cv-00471-PK

v.                                OPINION AND ORDER

CAROLYN W. COLVIN,
Commissioner of Social Security,

       Defendant.

PAPAK, Magistrate Judge:

       Plaintiff Aimee Stanley ("Stanley") seeks judicial review of the Commissioner of Social Security's final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). I have considered all of the parties' briefs and all of the evidence in the administrative record. For the

reasons set forth below, the Commissioner's final decision is reversed and the case is remanded for the immediate payment of benefits.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); see also 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge considers the claimant's work activity, if any. *See Bowen,* 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). The ability to perform basic work

2 – OPINION AND ORDER

activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b); *see also Bowen*, 482 U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); see also SSR 96-8p, 1996 WL 374184.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that

3 – OPINION AND ORDER

the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). In the event the claimant is no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether the claimant can perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs existing in significant numbers in the national economy, the claimant is conclusively found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a

conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* The Court may not substitute its judgment for that of the Commissioner. *See id., citing Robbins*, 466 F.3d at 882; *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Born in October, 1973, Stanley was 28 years old on the alleged onset date of August 30, 2004. Tr. 19, 228, 303.[1] She protectively filed applications for SSI and DIB on April 3, 2007, alleging disability due to depression, anxiety, post-traumatic stress disorder ("PTSD"), obesity, irritable bowel syndrome ("IBS"), and fibromyalgia. Tr. 303. After her applications were denied initially and on reconsideration, Stanley appeared and testified before ALJ Riley Atkins on January 5, 2010, and July 27, 2011. Tr. 38-63, 64-100.

Stanley testified that she was unable to return to work because of symptoms from IBS and fibromyalgia. Tr. 24, 303. She testified that although she attended classes toward a medical coding certification, she was unable to complete her certification or find a job because of her conditions. Stanley speaks English, graduated from high school, and completed two years of college. Tr. 308. She has past work experience as a customer service worker at City Bank. Tr. 304.

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 10.

5 – OPINION AND ORDER

On August 4, 2011, ALJ Atkins issued a decision finding Stanley not disabled. Tr. 19-31. The Appeals Council denied Stanley's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6; *see* 20 C.F.R. § 422.210(a); *see also, e.g., Sims v. Apfel*, 530 U.S. 103, 107 (2000). Stanley now seeks judicial review of that decision.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that Stanley had not engaged in substantial gainful activity since the alleged onset date of August 30, 2004. Tr. 21. At the second step, the ALJ found that Stanley had the following impairments of dysthymic disorder, post-traumatic stress disorder, obesity, and fibromyalgia. Tr. 22. Because Stanley's impairments were deemed severe, the ALJ properly proceeded to the third step of the analysis. *Id.*

At the third step, the ALJ found that none of Stanley's impairments met or equaled any of the impairments enumerated in 20 C.F.R. § 404, subpt P, app. 1. Tr. 22. The ALJ therefore conducted an assessment of Stanley's RFC. Tr. 23. He found that Stanley could perform sedentary work with the limitation that she could perform unskilled to low semiskilled work with only occasional public contact and within close proximity of a restroom. *Id.*

At the fourth step of the five-step process, the ALJ found that Stanley is unable to perform any of her past relevant work. Tr. 28. At step five, the ALJ determined that Stanley could perform jobs that exist in significant numbers in the national economy including final assembler and circuit board assembler. Tr. 30. The ALJ therefore concluded that Stanley was not disabled. *Id.*

## ANALYSIS

Stanley argues that the Commissioner erred because he (1) improperly evaluated the medical evidence; (2) improperly rejected her testimony; (3) improperly rejected the lay testimony; and (4) formulated an incorrect RFC. The Commissioner concedes that the ALJ erred in evaluating the medical opinion evidence, and recommends reversal. Def.'s Br. 5. The issue is thus whether this case should be remanded for further proceedings, or for the immediate payment of benefits.

## I.   Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in

7 – OPINION AND ORDER

determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (*en banc*)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

The Commissioner concedes that the ALJ erred in his evaluation of examining physician Christopher Komanapalli, M.D. Dr. Komanapalli examined Stanley for 20 minutes on June 26, 2007. Tr. 671. He opined that Stanley could stand and walk for less than two hours per day due to IBS and fibromyalgia, and that she could sit for up to 6 hours. Tr. 675. The ALJ gave only some weight to Dr. Komanapalli's opinion, stating that the opinion was based on "minimal findings on examination." Tr. 27. The Commissioner acknowledges that the ALJ erred because he failed to explain which "minimal findings" he refers to as a basis for rejecting Dr. Komanapalli's opinion. The Commissioner nevertheless argues that remand for further administrative proceedings is appropriate, because outstanding issues remain before a finding of disability is warranted. The Commissioner does not address Stanley's other allegations of error.

Setting aside the issue of Dr. Komanapalli's opinion, however, the Court finds sufficient evidence in the record that, when properly credited as true, warrants immediate payment of benefits. First, the ALJ erroneously rejected Stanley's subjective symptom testimony regarding her fibromyalgia symptoms. The ALJ rejected Stanley's credibility, stating that her testimony was inconsistent with the fact that she gave birth to two children after the alleged onset date, her ability to maintain a household and to attend school. Tr. 25. These reasons are not clear and convincing. First, the ALJ does not specify how the fact that Stanley gave birth to two children contradicts her testimony regarding her pain and limitations. Second, the record shows that Stanley required significant assistance from her husband and older child to maintain her

8 – OPINION AND ORDER

household and care for her children. Third, although Stanley attended school, she was unable to successfully complete in two years a certification program designed to be completed in one year. Finally, the ALJ acknowledges that Stanley was diagnosed with fibromyalgia, and notes that she discontinued her medication due to pregnancy. Tr. 26. The ALJ appears to infer that Stanley's discontinuation of medication indicates that her condition improved; however, there is no indication that this is the case. On this record, the ALJ's rejection of Stanley's testimony regarding her fibromyalgia-related pain and limitations was error. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (if objective medical evidence of an underlying impairment exists, absent evidence of malingering the ALJ must give clear and convincing reasons for discrediting a claimant's testimony regarding the severity of her symptoms).

After rejecting Stanley's testimony, the ALJ proceeded to reject the medical opinion of treating physician Steven Maness, M.D., regarding Stanley's symptoms and limitations. Tr. 26-27. Dr. Maness opined that Stanley suffered severe limitations that would preclude her from sustaining gainful employment. In a statement dated July 26, 2005, he opined that Stanley could stand or walk only for 30 minutes in an 8-hour day and sit for 4 hours; that she can lift 10 pounds occasionally, and 5 pounds frequently; and that she is "unable to concentrate and falls asleep at her desk while working." Tr. 522-23. In February, 2006, Dr. Maness opined that it was unlikely that Stanley could work any job due to her conditions. Tr. 525.

The ALJ gave Dr. Maness's opinion "little weight." First, he stated that Dr. Maness's opinion was based Stanley's subjective complaints. Tr. 26-27. Because the ALJ erroneously rejected Stanley's testimony regarding her fibromyalgia symptoms, however, this reason for rejecting Dr. Maness's opinion was not supported by substantial evidence. Second, the ALJ stated that Stanley had been "successful at school" and noted that an evaluating psychologist

9 – OPINION AND ORDER

"found overall good mental skills." Tr. 27. This reasoning does not support the ALJ's rejection of the medical evidence. Despite earning a 2.8 GPA, Stanley spent two years attempting to complete what is ordinarily a one-year certification program. As discussed above, Stanley never earned her desired certification. Moreover, evidence of "good mental skills" does not contradict the pain-related limitations found in Dr. Maness's report and discussed above. On this record, the ALJ did not provide legally sufficient reasons for rejecting Dr. Maness's opinion. The ALJ erred in rejecting Dr. Maness's opinion. *See Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991) (a treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons).

The ALJ has failed to provide legally sufficient reasons for rejecting Stanley's testimony and the opinion of Dr. Maness. When the improperly rejected testimony is credited as true, there are no outstanding issues remaining before a finding of disability is warranted. It is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. The ALJ's opinion is therefore reversed and remanded for the immediate payment of benefits. *Strauss*, 635 F.3d at 1138-39.

## CONCLUSION

The ALJ's decision finding Stanley not disabled is not supported by substantial evidence in the record and is therefore reversed and remanded for immediate payment of benefits.

Dated this 16th day of September, 2014.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

10 – OPINION AND ORDER